UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:12-CV-00344-FL

| | |
|---|---|
| CLARINDA COX and LIONEL SHAWN COX, ) <br> as Parents and Next Friends of J.C., a minor, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE SAMPSON COUNTY BOARD ) <br> OF EDUCATION and TERESA HOLMES, ) <br> ) <br> Defendants. ) | **ORDER** |

This cause comes before the Court upon Defendants' motion to stay discovery in this case. (DE-24). Plaintiffs oppose the motion to stay. (DE-27). In accordance with 28 U.S.C. § 636(b), this matter has been referred to the undersigned for decision.

Plaintiffs initiated this action on December 6, 2012 against the Sampson County Board of Education ("the Board") and former assistant principal Teresa Holmes (collectively, "Defendants"). Compl., DE-1. The complaint alleges federal and state claims arising from the search of J.C., a minor, by Holmes at Union Elementary School in Sampson County on June 1, 2012. *See id.* Defendants have moved to dismiss Plaintiffs' complaint for failure to state a claim. (DE-14, DE-15). These motions to dismiss are not yet ripe for adjudication. Defendants now ask the Court to stay discovery in this case until the Court issues a ruling on the motions to dismiss.

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a Court to issue orders limiting or staying discovery:

> A court may properly exercise its discretion under Rule 26(c) to stay discovery pending resolution of dispositive motions. Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 Fed. Appx. 333 (4th Cir. 15 Jan. 2004), *cert denied*, 543 U.S. 819, 125 S. Ct. 64, 160 L. Ed. 2d 27 (2004). Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motions. *See id.* at 735; Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1998). Conversely, discovery ordinarily should not be stayed when it is necessary to gather facts in defense of the motion. Tilley, 270 F. Supp. 2d at 734; Simpson, 121 F.R.D. at 263.

Yongo v. Nationwide Affinity Ins. Co. of America, No. 5:07-CV-94-D, 2008 U.S. Dist. LEXIS 14684, at *6 (E.D.N.C. Feb. 25, 2008) (footnote omitted). The moving party bears the burden of showing good cause to grant the motion. *See* Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988). "Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Id.* (citing Kron Medical Corp. v. Groth, 119 F.R.D. 636 (M.D.N.C. 1988)).

Here, the motion to dismiss by Holmes is premised upon her contention that her actions were reasonable as a matter of law. *See* Holmes' Mem. Mot. Dismiss 1, DE-16 ("taking the facts in the Complaint as true, Defendant Holmes' actions in searching J.C. on June 1, 2012 were reasonable and were not in violation of state or federal law"). The motion to dismiss by the Board argues *inter alia* that, contrary to the allegations set forth in the complaint, the search did not occur pursuant to any policy, custom, or practice of the Board. *See* Board Mem. Mot. Dismiss 5, DE-18.

Without prejudging the merits of Defendants' motions to dismiss, they appear to raise at least some disputed factual issues. Notably, Defendant Board states that the search conducted by

2

Holmes "contravened the Board's policy on student searches." *Id.* at 8. Whether the search by Holmes was reasonable, and whether her actions contravened the Board's policy on student searches, are factual issues subject to discovery. Discovery ordinarily should not be stayed when it is necessary to gather facts in defense of the motion. Tilley, 270 F. Supp. 2d at 734; Simpson, 121 F.R.D. at 263. Because Defendants have not met their burden of showing good cause to indefinitely delay discovery, the motion to stay discovery (DE-24) is DENIED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 24th day of April, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE