IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-344-FL

| | |
|---|---|
| CLARINDA COX and LIONEL SHAWN COX, as Parents and Next Friends of J.C., a minor, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | ORDER |
| THE SAMPSON COUNTY BOARD OF EDUCATION, a North Carolina body corporate, and TERESA HOLMES, in her individual and official capacities, ) ) ) ) ) | |
| Defendants. ) | |

This matter, initiated by complaint filed December 6, 2012, wherein plaintiffs seek damages under 42 U.S.C. § 1983 for an alleged deprivation of the rights of their minor son, J.C., to be free from unreasonable searches and seizures under the Fourth Amendment, comes now before the court upon the clerk's report that the office is informed all issues in dispute, including plaintiffs' entitlement to relief as alleged and the disputes memorialized in defendants' motions to dismiss (DE 14, 15) for failure to state a claim, were resolved at mediation last week.

Plaintiffs allege that Teresa Holmes ("Holmes"), who was assistant principal of Union Elementary School, where J.C. was attending school, subjected J.C. to an unjustified and excessively intrusive strip search in her office. Plaintiffs allege that Holmes is liable for executing the unreasonable search and that the Sampson County Board of Education ("Board") is liable because the search resulted from and was caused by a policy, custom, or practice of the Board and because

of its failure to train or instruct its employees, thereby causing deprivation of J.C.'s Fourth Amendment rights. Plaintiffs also allege that defendants are liable, on the basis of the same unjustified strip search, under the North Carolina constitution and for state law claims of battery and invasion of privacy. These complaints defendants did contest.

While the involvement of a minor child implicates special procedures attendant with conclusion of the matter in settlement, upon the representations made that there exists a negotiated resolution of the case, the court directs the clerk to terminate as MOOT defendants' motions which also are the subject of a memorandum and recommendation ("M&R") by a magistrate judge, now ripe, wherein it was recommended that the motion to dismiss of defendant Sampson County Board of Education ("Board") be denied and the motion to dismiss of defendant Holmes be granted in part and denied in part.

The parties specifically are referred to Rule 17.1, Local Civil Rules. Unless good cause be shown for a further time extension, the court DIRECTS plaintiffs to tender to the court the proposed, conforming Order of Approval not later than forty-five (45) days from date of entry of this order, and any other settlement documentation deemed necessary by a party to accomplish a complete and final settlement, as negotiated.

SO ORDERED this the 25th day of September, 2013.

                                                 LOUISE W. FLANAGAN
                                                 United States District Judge